# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:18-cr-031
                                     Civil Case No. 1:24-cv-191

                                     District Judge Timothy S. Black
 - vs -                          Magistrate Judge Michael R. Merz

DEON SANDERS,

        Defendant.    :

---

## REPORT AND RECOMMENDATIONS

---

      This criminal case is before the Court on Defendant's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 58). That Motion and related matters have been referred to the undersigned by Chief Judge Algenon L. Marbley, pursuant to 28 U.S.C. § 636(b), Fed.R.Civ.P. 72, and this Court's Amended General Order 22-05 (ECF No. 59).

      The Motion to Vacate is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

1

> response within a fixed time, or take other action the judge may order.

Having conducted that review, the Magistrate Judge concludes the Motion to Vacate is barred by the relevant statute of limitations and therefore must be dismissed. That recommendation is based on the following analysis.

**Litigation History**

Defendant was indicted by the grand jury for this District on one count of violation 18 U.S.C. § 922(g)(1) by being a convicted felon in possession of a firearm (Indictment, ECF No. 7). On September 16, 2019, Defendant entered into a plea agreement with the United States in which he agreed to plead guilty to a one count Superseding Information charging him with violating 18 U.S.C. § 922(g)(1)(ECF No. 31). Defendant reserved the right to appeal denial of his motion to suppress. Judge Black accepted Defendant's guilty plea pursuant to the agreement and sentenced him to seventy months imprisonment (ECF No. 42). Defendant did appeal to the Sixth Circuit which affirmed denial of his motion to suppress. *United States v. Sanders,* Case No. 21-3737 (6th Cir. Jun. 16, 2022)(unpublished; copy at ECF No. 56). Sanders did not seek further review by the Supreme Court of the United States and his time to do so expired September 14, 2022. Defendant filed his Motion to Vacate April 2, 2024, by placing it in the prison mailing system on that date (Motion, ECF No. 58, PageID 403).

## Analysis

28 U.S.C. § 2255(f) provides the relevant statute of limitations for motions to vacate:

> A one-year statute of limitations shall apply to a motion under this section.  The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When asked to explain why his Motion was timely under this statute, Sanders wrote "Recent U.S.S.C. rulings, as to the constitutional[it]y of 922(g)(1)."  (ECF No. 58 at PageID 402). In the attached Memorandum he claims the benefit of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 80–81(2022), which adopted a new test for assessing the constitutionality of firearms control regulations under the Second Amendment.  Assuming that felons are protected in possessing firearms under the *Bruen* test and that *Bruen* therefore amounts to a Supreme Court recognition of a right not previously recognized, a defendant must still seek relief within the time limited by § 2255(f).

3

*Bruen* was handed down June 23, 2022, and the statute of limitations began to run on that date, expiring June 23, 2023.  Because Defendant did not file until almost ten months later, his Motion to Vacate is barred by 28 U.S.C. § 2255(f).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 6, 2024.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

                                                s/ *Michael R. Merz*
                                            United States Magistrate Judge